IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAMIE ROBERTS, a/k/a Ramie Renee Marston, # 04351-049,  Plaintiff, vs. MARK ALEXANDER ROBERTS, a/k/a Mark Robert Kropcynzski, a/k/a Mark Krop, *et al.*, Defendants. | CIVIL ACTION NO. 22-00356-CG-B |

**REPORT AND RECOMMENDATION**

Plaintiff Ramie Roberts, a federal prisoner proceeding *pro se*, filed the instant action seeking relief under 42 U.S.C. § 1983 while she was detained at the Baldwin County Sheriff's Corrections Center ("BCSCC").[1] (Doc. 1). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) and is presently before the Court due to Roberts's failure to pay the initial partial filing fee as directed.

---

[1] Plaintiff pled guilty to bank fraud and aggravated identity theft in the United States District Court for the Southern District Alabama and was committed to the United States Bureau of Prisons to be imprisoned for a total term of 54 months. See United States v. Ramie Renee Marston, No. 1:21-cr-00174-CG-MU-1 (S.D. Ala. 2021). Although Plaintiff uses the name Ramie Roberts in this § 1983 action, she was convicted and sentenced under the name Ramie Renee Marston, and the BOP inmate locator likewise identifies her as Ramie Renee Marston, Register Number 04351-049.

The record reflects that when she initiated this action, Roberts filed an "In Forma Pauperis Petition" (Doc. 2) that was not on this Court's required form for a motion to proceed without prepayment of fees ("IFP motion"). Roberts subsequently filed a new IFP motion on the Court's required form, which contained her inmate account balance statement from BCSCC and a financial certificate completed by an authorized BCSCC official. (Doc. 5).

On January 26, 2023, the Court granted Roberts's IFP motion and ordered her to pay an initial partial filing fee of $1.45 by February 27, 2023.[2] (Doc. 9). In response to the Court's order, Roberts belatedly filed a "Motion of Clarification" dated March 9, 2023. (Doc. 10). In the motion, Roberts asserted that the Court's order "does not clarify if [she] was denied or approved" to proceed *in forma pauperis*. (Id. at 1). Roberts also stated that she "cannot afford to pay anything, nor can she mail a money order" because "money orders are not available within prison." (Id.).

In an order dated March 27, 2023, the Court reiterated to Roberts that she had been granted leave to proceed without prepayment of the full amount of the $350.00 filing fee for this action, but she was required to pay an initial partial filing fee of $1.45 before this action could proceed further and was obligated

---

[2] The order directed Roberts to make payment by remitting "to the Clerk of the United States District Court for this District . . . a money order for **$1.45** made payable to 'Charles R. Diard, Jr., Clerk.'" (Doc. 9 at 2).

2

to ultimately pay the full $350.00 filing fee.[3]  (Doc. 12 at 3-5). In light of Roberts's representations in her "Motion of Clarification," the Court *sua sponte* extended the time for Roberts to pay the $1.45 initial partial filing fee to April 27, 2023.[4] (Id. at 5).  The Court cautioned Roberts that if she failed to ensure that the $1.45 initial partial filing fee was paid within the prescribed time, the undersigned would recommend that this action be dismissed for failure to prosecute and failure to obey the Court's orders.  (Id. at 5).  A copy of the Court's order was mailed to Roberts at SFF Hazelton, and copies of the order and Roberts's filing fee payment authorization were mailed to the warden of SFF Hazelton.

Roberts failed to pay the initial partial filing fee by the extended deadline and did not otherwise respond to the Court's

---

[3] The undersigned explained that Roberts's $1.45 initial partial filing fee was calculated based upon a review of her BCSCC financial certificate and account balance statement and in accordance with 28 U.S.C. § 1915(b)(1), which requires the district court to assess an initial partial filing fee of twenty percent of the greater of either a prisoner's average monthly inmate account balance or average monthly deposits to her inmate account for the six-month period immediately preceding the filing of the complaint.  (Doc. 12 at 4).

[4] The Court also directed the Clerk to send a copy of the March 27, 2023 order and Roberts's filing fee payment authorization to the warden of SFF Hazelton, and the Court directed the warden, or the warden's designee, to collect the $1.45 initial partial filing fee (or any available portion thereof) from Roberts's inmate account and remit payment of that fee to this Court by April 27, 2023.  (Doc. 12 at 5-6).

order dated March 27, 2023. Thus, on May 17, 2023, the Court ordered Roberts to show cause, by June 6, 2023, why this action should not be dismissed due to her failure to prosecute and failure to pay the $1.45 initial partial filing fee as ordered by the Court. (Doc. 14). The Court cautioned Roberts that failure to timely comply with the show cause order would result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey the Court's orders. (Id. at 4).

To date, Roberts has not paid any portion of the $1.45 initial partial filing fee and has not shown cause for her failure to do so as directed. Roberts has not requested additional time to pay the initial partial filing fee and has not provided any other explanation for her failure to comply with the Court's orders dated March 27, 2023 and May 17, 2023. None of the Court's orders in this case have been returned as undeliverable, and an online search reflects that Roberts remains incarcerated at SFF Hazelton.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient

4

disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Roberts has made no apparent attempt to comply with the Court's order to pay the $1.45 initial partial filing fee. Since the entry of the Court's orders dated March 27, 2023 and May 17, 2023, Roberts has filed no response seeking additional time to comply, asserting that she is unable to comply, or otherwise explaining her failure to comply. Roberts's lack of response suggests that she has lost interest in and abandoned the prosecution of this action. In light of Roberts's failure to prosecute this action and failure to obey this Court's orders, it is recommended that this action be **DISMISSED without prejudice**

5

pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.[5]

If Roberts disputes the finding that she failed to comply with the Court's orders directing her to pay the initial partial filing fee, she must set forth in an objection to this report and recommendation the reasons for her failure to pay. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with an order to pay a partial filing fee).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The

---

[5] The Court notes that Roberts complains of acts or omissions that occurred between June 1, 2022, and September 20, 2022. (See Doc. 6 at 4). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Roberts would have the ability to refile her claims prior to the expiration of the statute of limitations.

6

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **14th** day of **June, 2023.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**